```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


PURCELL BRONSON,                      : CIVIL NO: 3:10-CV-00530
                                      :
          Plaintiff                   :
                                      : (Judge Caputo)
     v.                               :
                                      : (Magistrate Judge Smyser)
LAURA J. NEAL,                        :
ROBERT GIMBLE and                     :
OFFICE OF CHIEF COUNSEL,              :
                                      :
          Defendants                  :
```

**REPORT AND RECOMMENDATION**

The plaintiff, a state prisoner proceeding *pro se*, commenced this action by filing a complaint on March 9, 2010. The plaintiff also filed an application to proceed *in forma pauperis*.

The plaintiff alleges that the defendants refused to release his funds so that he could pay the filing fee in a prior action and that they sabotaged the mailing of a brief of his in the prior action. He alleges that as result of the defendants' actions his prior action was dismissed. He claims that the defendants violated his rights under the First and Fourteenth Amendments. The plaintiff is seeking declaratory and injunctive relief as well as compensatory and punitive damages.

By an Order dated March 10, 2010, we denied the plaintiff's application to proceed *in forma pauperis* because the plaintiff is barred from proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(g).

28 U.S.C. §1915(g) (commonly referred to as the three-strikes provision) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Because the plaintiff has had at least three cases or appeals dismissed as frivolous, malicious or for failure to state a claim, *see Doc. 2 at ¶3,* he may not proceed *in forma pauperis* in this action unless he was under imminent danger of serious physical injury at the time he filed his complaint. The plaintiff does not contend that he was in imminent danger of serious physical injury. *Doc. 2 at ¶3(a).*

2

We denied the plaintiff's application to proceed *in forma pauperis* and ordered the plaintiff to pay the full $350.00 filing fee within thirty days. We warned the plaintiff in the Order of March 10th that if within that time he had not paid the filing fee we would recommend that the case be dismissed.

The plaintiff has not paid the filing fee. He has, however, filed a document entitled "Objections/Appeal" and a declaration in which he seeks to appeal the Order of March 10, 2010. Since the appeal is an appeal to the district judge of our Order we will not formally address the appeal. We will however address the assertions made by the plaintiff in his declaration that the defendants are withholding funds belonging to him and thereby obstructing him from paying the filing fee in this case.

In his declaration, the plaintiff states that a Department of Corrections' policy requires prison officials to reject any check or money order received by the prison for a prisoner who has not signed a form authorizing the prison to

3

accept and process checks and money orders.  He asserts that, as of August of 2007, he had not signed such a form.  He asserts that, on August 16, 2007, a check arrived for him in the amount of $501.03.  He asserts that in disregard of the Department of Corrections' policy, defendant Neal ordered defendant Gimble to seize the check and not to allow the plaintiff to use it to pay court filing fees.  He asserts that the seizure was effected to obstruct his access to the courts.  He further asserts that the check is still being withheld by defendant Gimble.

Although he asserts that the check is still being withheld by defendant Gimble, the plaintiff has not provided evidence to support that assertion.  In support of that assertion he cites to a request from he sent to prison officials dated September 21, 2006 and a response to that request form from Unit Manager Southers.  Given that the request form and response are dated 2006 and that the check allegedly being withheld was allegedly received by the prison in August of 2007, it is reasonable to assume that the request and response do not address the particular check at issue in this case.  In any event, the response to the request indicates

4

that, if the proper form is not on file, a check will be returned to the bank without processing. Neither the request nor the response reasonably support an inference that the defendants in this case are still withholding a check belonging to the plaintiff.

In sum, nothing in the plaintiff's appeal convinces us that the case should not be dismissed for the plaintiff's failure to pay the filing fee. Accordingly, we will recommend that the case be dismissed.

We note that the plaintiff has filed two motions for temporary restraining orders. Since we are recommending that the case be dismissed based on the plaintiff's failure to pay the filing fee, at first blush it appears that it would not be proper to address those motions. However, since those motions contain issues intertwined with the issue of the filing fee, we will briefly address those motions.

In his first motion for a temporary restraining order, the plaintiff is seeking an order requiring the defendants to release his funds so that he can pay the filing fee in this

case.  The plaintiff contends that failure to grant his motion would place him in a "Catch 22" situation as he would not be able to pay the filing fee in this case.  As discussed above, the plaintiff has not presented evidence to support his assertion that he has funds that the defendants are inappropriately withholding with which to pay the filing fee. Accordingly, we will recommend that this motion for a temporary restraining order be denied.

In his second motion for a temporary restraining order, the plaintiff contends that during a transfer his property was not transferred with him.  The plaintiff contends that without his property he will not be able to appeal the order directing him to pay the filing fee.  In response to an inquiry from Judge Kosik, the Pennsylvania Department of Corrections stated that the plaintiff's property was shipped to him on March 29, 2010. By a letter dated April 5, 2010, the plaintiff acknowledged that his property had arrived although he asserted that he had not yet taken possession of it.  He asserted that he will appeal the Order of March 10th when he has possession of his property.  The plaintiff has filed an appeal of the Order of March 10th.  Thus, it is reasonable to assume that he has

6

possession of his property.  Accordingly, we will recommend that the plaintiff's second motion for a temporary restraining order be denied as moot.

Based on the foregoing, it is recommended that the case be dismissed based on the plaintiff's failure to pay the filing fee as ordered, that the plaintiff's motions (docs. 4 & 9) for temporary restraining orders be denied and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  May 4, 2010.