# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PURCELL BRONSON, | |
| Plaintiff, | CIVIL ACTION NO. 3:10-CV-530 |
| v. | (JUDGE CAPUTO) |
| LAURA J. NEAL, et al.., | (MAGISTRATE JUDGE SMYSER) |
| Defendants. | |

## MEMORANDUM

Presently before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Smyser (Doc. 15), and Plaintiff's objections to the R&R (Doc. 20). The R&R recommends dismissal of Plaintiff's action for failure to pay the filing fee, and that his motions for injunctive relief be denied. For the reasons discussed below, the R&R will be adopted, and Plaintiff's action will be dismissed. This Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1331 (federal question).

## BACKGROUND

Plaintiff filed the present action in the United States District Court for the Middle District of Pennsylvania on March 9, 2010, arguing that Defendants were violating his constitutional rights by interfering with his mail and prison account thus preventing him from effectively litigating other cases. (Doc. 1.) That same day, Plaintiff filed a motion for a temporary restraining order ("TRO") requiring Defendants to release the necessary fees for the filing of this civil action. (Doc. 4.) On March 25, 2010, Plaintiff filed a second motion for

1

a TRO requesting that certain property be returned to him to enable him to effectively litigate his cases. (Doc. 9.) Plaintiff's request to proceed *in forma pauperis* in the present action was denied on March 10, 2010 as barred pursuant to 28 U.S.C. § 1915(g) ("three-strikes" provision). (Doc. 8.) Magistrate Judge Smyser filed the present R&R on May 4, 2010. (Doc. 15.) After being granted extensions to respond, Plaintiff filed his objections to the R&R on June 21, 2010. (Doc. 20.) The R&R is now ripe for disposition.

**LEGAL STANDARD**

**I.      Review of Report and Recommendation**

Where objections to a magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, 28 U.S.C. § 636(b)(1)(C), *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. 28 U.S.C. § 636(b)(1)(C); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the Magistrate Judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980) ("Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations"); *Goney*, 749 F.2d at 6-7; *Ball v. U.S. Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (the statute neither prevents nor requires a particular standard if no

2

objections are filed); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998) (citing Advisory Committee notes on Federal Rule of Civil Procedure 72(b), implementing 28 U.S.C. § 636(b)(1)(C)).

**II.    Preliminary Injunction and Temporary Restraining Order**

Rule 65 of the Federal Rules of Civil Procedure governs the grant or denial of preliminary injunctions and temporary restraining orders. It provides, in relevant part, that:

> A temporary restraining order may be granted without . . . notice to the adverse party . . . only if (1) it clearly appears from specific facts shown by the affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party . . . can be heard in opposition.

FED. R. CIV. P. 65(b). Injunctive relief is extraordinary in nature, and such relief should only be granted in limited circumstances. *A. T. & T. Co. v. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1426-27 (3d Cir. 1994). Irreparable injury is "potential harm which cannot be redressed by a legal or equitable remedy following a trial." *Instant Air Freight Co. v. C.F. Air Freight*, Inc., 882 F.2d 797, 801 (3d Cir. 1989). A court may not grant preliminary injunctive relief unless "[t]he preliminary injunction [is] the only way or protecting the plaintiff from harm." *Id.* The relevant inquiry is whether the party moving for the injunctive relief is in danger of suffering the irreparable harm at the time the preliminary injunctive relief is to be issued. *Id.* "In the prison context, requests for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with complex and intractable problems of prison administration." *Riley v. Snyder*, 72 F. Supp.2d 456, 459 (D. Del. 1999).

3

## DISCUSSION

The R&R presently before this Court makes two recommendations: (1) Plaintiff's motions for TROs (Docs. 4, 9) should be denied; (2) Plaintiff's Complaint should be dismissed for failure to pay the filing fee. (Doc. 15.) As a threshold matter, the Court notes that Plaintiff's objections to the R&R are not sufficiently specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). Plaintiff merely objects "to the entirety and particularly page four" of the R&R, and then in his brief re-argues the issues in his Complaint without specifically addressing the R&R. (Docs. 20-22.) Regardless, this Court will consider the recommendations *de novo*. Plaintiff's TRO motions request that Defendants be required to transmit funds from his prison account and that he be given access to certain materials. Neither of these requests, however, articulate any "irreparable harm" which Plaintiff will suffer. As stated above, irreparable injury is "potential harm which cannot be redressed by a legal or equitable remedy following a trial." *Instant Air Freight Co. v. C.F. Air Freight*, Inc., 882 F.2d 797, 801 (3d Cir. 1989). Because irreparable harm is a necessary element of any request for injunctive relief, I will adopt the recommendations that these motions (Docs. 4, 9) be denied.

As to the recommendation that Plaintiff's entire action be dismissed for failure to pay a finding fee, Plaintiff does not argue that his request to proceed *in forma pauperis* was improperly denied pursuant to 28 U.S.C. § 1915(g), better known as the "three-strikes rule." Thus Plaintiff concedes that he must pay the $350 filing fee to proceed with the present action. Plaintiff also does not dispute that as of the date of this order he has failed to do so. While Plaintiff argues that the Defendants are refusing to transfer his $350 filing fee to this Court, Plaintiff provides no basis for this allegation, and indeed in Plaintiff's own exhibits

demonstrated that prison officials have placed funds into his prison account for his use. (Doc. 22 at 3.) Therefore, I will adopt the recommendation and Plaintiff's Complaint will be dismissed for failure to pay the filing fee.

## CONCLUSION

For the reasons stated above, the recommendations of Magistrate Judge Smyser will be adopted, and Plaintiff's objections are overruled. Plaintiff's TRO motions will be denied because they fail to articulate any irreparable harm. Plaintiff's Complaint will be dismissed for failure to pay the required filing fee.

An appropriate order follows.

| | |
|---|---|
| August 16, 2010 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

PURCELL BRONSON,

    Plaintiff,

        v.

LAURA J. NEAL, et al..,

    Defendants.

CIVIL ACTION NO. 3:10-CV-530

(JUDGE CAPUTO)

(MAGISTRATE JUDGE SMYSER)

## **ORDER**

**NOW**, this ___16th___ day of August, 2010, **IT IS HEREBY ORDERED THAT:**

(1)    The Report and Recommendation (Doc. 15) is **ADOPTED**.

(2)    Plaintiff's motions for temporary restraining orders (Docs. 4, 9) are **DENIED**.

(3)    Plaintiff's Complaint (Doc. 1) is **DISMISSED** for failure to pay the requisite filing fee.

(4)    The Clerk of Court is directed to mark this case as **CLOSED**.

                                              /s/ A. Richard Caputo
                                              A. Richard Caputo
                                              United States District Judge